BLD-038                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2841
_____

IN RE: BRADLEY LIVINGSTON,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the United States District Court
for the District of New Jersey
(Related to D.N.J. Civ. No. 2:23-cv-23006)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 20, 2025
Present: KRAUSE, MATEY, and BOVE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 21, 2026)
_____

OPINION*
_____

PER CURIAM

    Pro se petitioner Bradley Livingston has filed a petition for writ of mandamus

related to a civil case he has pending in the United States District Court for the District of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

New Jersey. We will deny Livingston's mandamus petition along with his other pending motions filed in this Court.

In May 2025, the Magistrate Judge assigned to the underlying District Court case issued a report and recommendation to dismiss Livingston's action without prejudice for his failure to prosecute. **See D.N.J. Civ. No. 23-cv-23006, Dkt. # 204**. The Magistrate Judge also issued an order for Livingston to pay Defendants' attorney's fees as a sanction due to Livingston's failure to appear at an April 2, 2025 conference. **See D.N.J. Civ. No. 23-cv-23006, Dkt. # 205**. In September 2025, the Magistrate Judge imposed another sanction against Livingston after he failed to appear at an April 28, 2025 conference. **See id., Dkt. # 221**.

Livingston has now filed a mandamus petition asking this Court to direct the District Court to rule on his objections to the Magistrate Judge's report and recommendation and enter a final judgment in his favor. He also asks this Court, in separate motions, to vacate the monetary sanctions levied against him by the Magistrate Judge.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States Dist. Ct., 542 U.S. 367, 380-81 (2004)).

Mandamus relief can be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

First, with respect to Livingston seeking mandamus relief related to undue delay, any delay at this point does not qualify for mandamus relief. We are confident the District Court will address the Magistrate Judge's report and recommendation and Livingston's objections in due course. Second, Livingston has failed to show he is entitled to mandamus relief on the sanctions issued by the Magistrate Judge.

Accordingly, we will deny Livingston's mandamus petition. To the extent Livingston's outstanding motions request other types of relief, they are also denied.